DISCIPLINARY PROCEEDINGS
PER CURIAM.
Respondent was charged with two counts of commingling and converting clients’ funds to his own use in violation of Rules of Professional Conduct 1.15 and 1.8(a) and (c). Respondent settled two personal injury cases and withheld settlement funds for payment of medical expenses, but used the funds to pay his office operating expenses and an Internal Revenue Service lien.
One health care provider filed a complaint with the Louisiana State Bar Association, and respondent made full restitution to that provider (before notice of the complaint), but did not make restitution to the other providers until these proceedings were well under way.
The Hearing Committee recommended a public reprimand and an auditing of respondent’s trust account for one year. On review the Disciplinary Board recommended that respondent be suspended from the practice of law for one year and one day, with the penalty suspended upon certain conditions. Neither respondent nor disciplinary counsel filed an objection in this court to the recommended penalty.
Upon review of the findings and recommendations of the Hearing Committee and the Disciplinary Board, and upon consideration of the record filed herein, this court adopts the recommendations of the Disciplinary Board. Respondent’s offenses are sufficiently serious to warrant suspension, but the numerous mitigating factors found by the Board support suspension of that sanction on the conditions recommended by the Board.
DECREE
Accordingly, it is ordered that Samuel L. Jenkins, Jr., be suspended from the practice of law for a period of one year and one day, with that penalty suspended on the following conditions:
1. Jenkins shall participate in at least six hours of seminar training in law office management for small firms and sole practitioners, including specific training on the use of trust accounts, and that Jenkins present evidence of such training to Disciplinary Counsel within six months of imposition of discipline by this court;
2. Jenkins shall maintain a trust account throughout the period of his suspension and provide satisfactory evidence of the maintenance and use of that account to Disciplinary Counsel at quarterly intervals following this court’s imposition of discipline; and
3. Disciplinary Counsel is authorized during the term of respondent’s suspension to audit respondent’s trust, operating, and personal accounts in *884 the event of any evidence of mishandling of client funds or further client complaints.
All costs of this proceeding are assessed to respondent.
SUSPENSION ORDERED AND SUSPENDED.